UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

SHERELL ANN HINES,

        Plaintiff,

  -vs-

UNITED STATES OF AMERICA; MONROE
COUNTY GOVERNMENT; MUNICIPALITY
MARICAROLA CENTER; MONROE
DEVELOPMENTAL CENTER; SARAH
SANDERS, Law Guardian; MINNER, Law
Guardian; LAMAR JACKSON, Law
Guardian; UNITY HEALTH CENTER,

        Defendants.

**DECISION and ORDER**
**No. 6:19-cv-06837(MAT)**

───────────────────────────────

## I. Introduction

Pro se plaintiff Sherell Ann Hines ("Hines") has filed a complaint (Docket No. 1), a motion for leave to proceed in forma pauperis (Docket No. 2), and a motion for miscellaneous relief. For the reasons discussed below, leave to proceed in forma pauperis is granted, but the complaint is dismissed with prejudice as frivolous. The motion for miscellaneous relief is denied as moot in light of the dismissal of the complaint.

## II. Motion to Proceed In Forma Pauperis

"The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under [28 U.S.C.] § 1915." Fridman v. City of New York, 195 F. Supp.2d 534, 536 (S.D.N.Y. 2002) (citing Potnick v. Eastern State Hospital, 701 F.2d 243 (2d Cir. 1983); other citations omitted). The Court

finds that Hines's supporting affirmation sufficiently establishes her inability to pay for the prosecution of her case. Accordingly, Hines's motion for in forma pauperis status is granted.

**III. Screening of the Complaint under Section 1915(e)(2)**

Because the Court has granted in forma pauperis status to Hines, it must review her complaint under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915(e)(2)").

**A.  Section 1915(e)(2) Standard**

In enacting the original in forma pauperis statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). To foreclose this type of abusive litigation, Congress authorized federal courts to dismiss a complaint filed by a plaintiff who has received in forma pauperis status if the courts are satisfied that the action is frivolous or malicious. Id.; see also 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (Under Section 1915(e)(2), the Court must conduct an initial screening of a pro se litigant's complaint and must it if it is "frivolous or malicious"; "fails to state a claim upon which relief may be granted"; or "seeks monetary relief from a defendant who is immune from such relief."). The screening obligation "applies equally to prisoner and nonprisoner in forma

pauperis cases." S.B. ex rel. J.B. v. Suffolk Cty., No. 13-CV-446 JS AKT, 2013 WL 1668313, at *1 (E.D.N.Y. Apr. 17, 2013) (citing Awan v. Awan, No. 10-CV-0635, 2010 WL 1265820, at *1 (E.D.N.Y. Mar. 26, 2010); Burns v. Goodwill Indus., No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y.2002).

Section 1915(e), which permits dismissal of a complaint on the basis that it is frivolous, gives "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" Montero v. Travis, 171 F.3d 757, 759 (2d Cir. 1999) (quoting Neitzke, 490 U.S. at 325). A claim is considered factually frivolous where "the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional[.]'" Denton, 504 U.S. at 32-33 (citing Neitzke, 490 U.S. at 325, 327-28). An action can be said to have no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327.

The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. Neitzke, 490 U.S. at 328.

**B.    Summary of the Complaint's Allegations**

Hines describes the "nature of suit" as including premeditated murder, child rape, child molestation, personal injury through medical malpractice, as well as identity theft and discrimination. She accuses all of the defendants of taking custody of her 13 year-old son based on a crime he never committed, and then murdering him while he was in their custody.

For her First Claim, Hines asserts

> Child Slave Sex Acts Murder of Dale E Cooper Abuse & Rape Violation of Civil Rights while in custody of Monroe County Developmental Service Medical Malpractice & injury through health care provider Strong Hospital and Injury to Sherell Hines. Sara Sanders law guardian Chuck Schumer Lamar Jackson Law Guardian Maricariola Center Monroe Development Service Center Minner Law Guardian Strong Hospital Monroe Health Unity Monroe Health Services Hid Records of AB Sues Child molestation Rape Malpractice Child Molestation Hid Whereabouts of Dale E Cooper to this Date. Child Sex Sex with a minor or Incapacitated Person Premeditated Murder False Imprisonment Identity Theft.

Complaint (Docket No. 1), pp. 5-6 of 8. There are no dates specified as to when the foregoing acts allegedly occurred.

For her Second Claim, Hines states

> Malpractice Misrepresentation of Identity false imprisonment assult [sic] sex act towards minor Incarceration wrongful [illegible] without any consent from parent Sherell Hines the municipality took my son when he was 13 yr old and my family has not seen him since and he was atustic [sic] and unable to defend

> himself verbally I have a court order to visit with him
> 1 a week the Monroe County Government officials murdered
> my son and cover up for personal social and financial
> gain.

Complaint (Docket No. 1), p. 6 of 8.

### C. The Complaint Is Factually Frivolous

The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims that are 'so attenuated and unsubstantial as to be absolutely devoid of merit[,]'" <u>Hagans v. Lavine</u>, 415 U.S. 528, 536–37 (1974) (quotation omitted), "'wholly insubstantial,'" <u>id.</u> (quotation omitted); 'obviously frivolous,'" <u>id.</u> (quotation omitted); "'plainly insubstantial,'" <u>id.</u> (quotation omitted); "or 'no longer open to discussion[,]'" <u>id.</u> (quotation omitted). No federal question jurisdiction exists "when the complaint is 'patently insubstantial[,]'" <u>Best v. Kelly</u>, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting <u>Neitzke v. William</u>, 490 U.S. 319, 327 n.6 (1989); other citation omitted), in other words, "'essentially fictitious.'" <u>Id.</u> (quoting <u>Hagans</u>, 415 U.S. at 536–37). Claims that are "essentially fictitious" include those that allege "bizarre conspiracy theories, any fantastic government manipulations of [the plaintiff's] will or mind [or] any sort of supernatural intervention." <u>Id.</u> at 330 (footnote omitted).

The Court is mindful that complaints filed by <u>pro se</u> litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520

(1972). Nonetheless, the Court has the discretion to decide whether a complaint is frivolous, Neitzke, 490 U.S. at 327, and such finding is appropriate where the facts alleged are irrational or wholly incredible. Denton, 504 U.S. at 33.

As was the case with her previous complaint, the instant complaint consists of incoherent, bizarre allegations about violent crimes perpetrated by a host of entities and individuals against her son during a family court proceeding. The Court again concludes that what factual contentions are identifiable are "fantastic or delusional," Neitzke, 490 U.S. at 328. Accordingly, dismissal of the complaint as factually frivolous is appropriate. See Cortez v. Alsabah, No. CIV.A. 12 1874, 2012 WL 5941386, at *1 (D.D.C. Nov. 19, 2012) (finding complaint to be "baseless" and "wholly incredible" where pro se plaintiff alleged that defendants "'have 'plotted against the lives of the plaintiff and her children, to steal the plaintiff's children from her, and to use her children . . . to get billions of dollars in wealth from the father, and to get control of the billions of dollars in wealth the father has for his children . . . ."); Awan v. Awan, No. 10-CV-0635 JSARL, 2010 WL 1265820, at *2 (E.D.N.Y. Mar. 26, 2010) (dismissing as factually frivolous seventy-seven paragraph complaint, comprised largely of conclusory and repetitive allegations, that plaintiff's ex-wife's "murder attempt" of his daughter has caused him severe mental anguish such that his work on the U.S. Excalibur was interrupted).

**D. Alternatively, the Complaint Fails to State a Claim on Which Relief May Be Granted**

**1. No Cause of Action Under 42 U.S.C. § 1983 Against Monroe County**

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983; citing Maine v. Thiboutot, 448 U.S. 1, 4 (1980)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). "In order to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right." Id. (citations omitted). It is well established that "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quotation omitted).

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court held that "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief." 129 S. Ct. at 1949. While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

Claims for municipal liability under Section 1983 are determined with reference to <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). "<u>Monell</u> does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." <u>Segal v. City of New York</u>, 459 F.3d 207, 219 (2d Cir. 2006).

Therefore, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." <u>Monell</u>, 436 U.S. at 691. Only when the municipality, through the "execution of [its] policies or custom," actually deprives an individual of his constitutional rights, is it liable for the injury. <u>Id.</u> at 694.

As an initial matter, Hines has not identified the constitutional rights of which she was deprived by the County. Moreover, Hines has not made "factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." Missel v. Cty. of Monroe, 351 Fed. App'x 543, 545 (2d Cir. 2009) (citing Vives v. City of New York, 524 F.3d 346, 350 (2d Cir. 2008)).

In contrast to her previous complaint, where Hines failed to provide a hint as to the identities of any of the employees, representatives, or officials of Monroe County and the United States she seeks to hold liable, she here has provided some names (U.S. Senator Chuck Schumer and law guardians Sarah Sanders, Lamar Jackson, and F/N/U Minner). However, she has failed to set forth any specific, non-frivolous allegations about what they allegedly did that was unlawful. A complaint that fails to allege the defendants' personal involvement is "fatally defective on its face." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citation omitted); see also Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011) ("The complaint does not allege facts establishing the personal involvement of any of the individual Defendants. . . . This defect is fatal to [plaintiff's] claim under 42 U.S.C. § 1983."). In sum,

Hines's allegations consist of vague, conclusory, and wholly incredible assertions that the named individuals and entities harmed her and committed a host of violent crimes against her son. They are plainly insufficient to meet the "plausibility" standard set forth in Iqbal and Twombly.

### 2. No Cause of Action Against the United States

#### a. Any Constitutional Tort Claims Against the United States Are Barred

In her complaint, Hines also names the United States as a defendant, apparently because Monroe County is located within the United States. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." Robinson v. Overseas Mil. Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).

The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); accord Meyer, 510 U.S. at 475 (citing United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")). The United States has not

consented to be sued based on claims that its employees or officials have committed constitutional violations. See Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) (finding that the "district court correctly held that the United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts"). Because the United States has not waived its sovereign immunity by consenting to be sued, the Court lacks jurisdiction over any allegations by Hines that the United States committed constitutional torts. The United States must be dismissed as a defendant.

### 3. Any Non-Constitutional Tort Claims Are Barred

Although Hines has not identified the Federal Tort Claims Act ("FTCA") as the basis for her lawsuit, the Court has construed her pro se complaint liberally. The FTCA provides a limited waiver of the United States' sovereign immunity, and the United States may be liable for certain non-constitutional torts committed by Federal employees. See 28 U.S.C. § 2671, et seq. "The intentional tort exception in 28 U.S.C. § 2680(h) preserves the government's sovereign immunity for 'assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" Gonzalez v. United States, No. 16-CV-1494(KAM), 2018 WL 1597384, at *7 (E.D.N.Y. Mar. 31, 2018) (quoting 28 U.S.C. § 2580(h)). Hines accuses the United States of committing various intentional torts,

-11-

and therefore her complaint is barred, on its face, by the intentional torts exception in the FTCA.

In addition, Hines's claims under the FTCA warrant dismissal because there is no indication that she exhausted her administrative remedies, as required by the statute. As a corollary to its waiver of sovereign immunity, the FTCA has express, strict administrative exhaustion requirements that cannot be waived. Celestine v. Mt. Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). "[T]he United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing." Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719–20 (2d Cir. 1998).

**E.  Leave to Amend the Federal Claims Is Denied**

In general, "a pro se plaintiff who is proceeding in forma pauperis should be afforded [an] opportunity . . . to amend [her] complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, than an amended complaint would succeed in stating a claim." Gomez v. United States Auto. Assoc. Fed. Savs. Bank, 171 F.3d 794, 796 (2d Cir. 1999). The Second Circuit has stated that when "the problem with [a plaintiff]'s causes of action is

substantive[,]" and "better pleading will not cure it[,]" "[r]epleading would thus be futile." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). In such a circumstance, "a futile request to replead should be denied." Id. (citing Hunt v. Alliance N. Am. Gov't Income Trust, 159 F.3d 723, 728 (2d Cir. 1998)).

As discussed above, and as was the case with the previous complaint, the defects in Hines's current complaint are substantive insofar as the complaint rests solely on factually frivolous, wholly incredible allegations. Because such allegations cannot be ameliorated by better pleading, leave to replead is denied as futile. See Miller v. Kohl's Dep't Stores, Inc., No. 17-CV-6081-CJS, 2017 WL 4890199, at *4 (W.D.N.Y. Oct. 30, 2017) (finding that "any attempt to replead would be futile" where "the factual allegations of discrimination in the complaint are plainly delusional") (citing Igarashi v. Skulls & Bones, 438 F. App'x 58 (2d Cir. 2011) (unpublished opn.) ("Even a well-pleaded complaint may be dismissed as factually frivolous 'if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional.'") (quoting Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011)).

## IV. Conclusion

For the foregoing reasons, the motion to proceed in forma pauperis (Docket No. 2) is granted. It is further ordered that the complaint (Docket No. 1) is dismissed with prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B) (i), (ii), and (iii). The motion for miscellaneous relief (Docket No. 3) is denied as moot in light of the dismissal of the complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this decision and order would not be taken in good faith. Therefore, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   February 5, 2020
         Rochester, New York.